**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 95-5928

JEAN L. LUBIN,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., District Judge.
(CR-95-153)

Submitted: June 28, 1996

Decided: July 22, 1996

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lisa S. Costner, Donald K. Tisdale, Sr., TISDALE, GRACE, MENE-
FEE & COSTNER, P.A., Winston-Salem, North Carolina, for Appel-
lant. Walter C. Holton, Jr., United States Attorney, Timika Shafeek,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

The Appellant, Jean Lubin, appeals the district's order denying his motion to suppress crack cocaine found in his trousers during drug interdiction activities at the Piedmont International Airport in Greensboro, North Carolina. Lubin contends that police detective Hoover's actions of questioning him after he deplaned from a flight from Miami via Fort Lauderdale and patting a suspicious bulge in Lubin's trousers was a violation of the Fourth Amendment. The district court ruled that Hoover had probable cause to arrest Lubin once he had closely observed the bulge in Lubin's trousers, and that the search and seizure were incident to a valid arrest. After a complete review of the district court's decision to deny Lubin's motion to suppress,[1] we find no reversible error and affirm the district court's order.

First, Lubin was not "seized" under the Fourth Amendment when Hoover asked if Lubin would speak with him and answer a few questions. The record supports the conclusion that from Lubin's perspective, and that of Hoover's, Lubin was free to refuse the initial request for questioning and the search of his travel bag. Lubin's voluntary cooperation with such requests does not, absent coercive circumstances not present here, implicate the Fourth Amendment.[2]

In our opinion, the size, shape, and location of the bulge in Lubin's trousers provided a particularized ground for suspecting him of criminal conduct. Considering the close distance that Hoover observed the "tin can"-like bulge and Lubin's failure to offer an explanation, we find it was appropriate for Hoover to consider other probative facts,

_____

[1] **United States v. Han**, 74 F.3d 537, 540 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3807 (U.S. June 3, 1996) (No. 95-8891).
[2] **Florida v. Royer**, 460 U.S. 491 (1983); United States v. Mendenhall, 446 U.S. 544 (1980).

2

such as the extent to which a suspect matches a drug courier profile. We permitted reliance on such factors in <u>United States v. Harrison</u>, 667 F.2d 1158, 1160 (4th Cir.), <u>cert. denied</u>, 457 U.S. 1121 (1982), where the suspect had a four- to six-inch long bulge on his back under his jacket. Lubin's actions of traveling under a false name on a one-way ticket purchased with cash fits the modus operandi of other drug couriers from Florida. We find the combination of these various factors gave detective Hoover probable cause to believe Lubin was carrying contraband goods in his trousers and justified his arrest.[3] Once the validity of the arrest is established, the search of Lubin's person and seizure of the drugs he had concealed were unexceptionable as permissible incidents to a valid arrest.[4] The fact that Hoover conducted the search, patting the suspicious bulge, before formally arresting Lubin does not change its status.[5]

Accordingly, we find that the search and seizure of the crack cocaine in this matter was lawful and in accordance with the Constitution. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

[3] **<u>See Texas v. Brown</u>**, 460 U.S. 730, 742 (1983) (plurality opinion).
[4] **<u>See Florida v. Roger</u>**, 460 U.S. 491 (1983); <u>New York v. Belton</u>, 453 U.S. 454 (1981).
[5] **<u>Han</u>**, 74 F.3d at 541.

3